```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

FLAGSTAR BANK, FSB,                     )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )   Civil No. 2012-83
                                        )
BRENDA S. LECOCQ and DAVID LECOCQ,      )
                                        )
        Defendants.                     )
                                        )
                                        )
                                        )

ATTORNEYS:

**A. Jennings Stone, Esq.**
Bolt Nagi PC
St. Thomas, VI
    *For the plaintiff,*

**Brenda S. Lecocq**
**David Lecocq**
St. Thomas, VI
    *Pro se defendants.*


## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Flagstar Bank, FSB, for default judgment against the defendants, Brenda S. Lecocq and David Lecocq (collectively, the "Lecocqs").

Upon consideration of the record, the Court finds the following facts:

*Firststar Bank, FSB v. Lecocq*
12-cv-83
Judgment
Page 2

1. On December 22, 2006, the Lecocqs borrowed $542,500 from Flagstar Bank, FSB ("FSB").

2. The loan was evidenced by a promissory note (the "Note"), which the Lecocqs executed and delivered to FSB on December 22, 2006. Pursuant to the note, the Lecocqs were to repay FSB in installments of $3,609.27 per month. Interest accrued on the loan at the rate of 7% each year.

3. The Note permits FSB to accelerate payment due in the event the Lecocqs failed to make timely payments.

4. The Note was secured by a first priority mortgage of the same date.

5. The Lecocqs are the record owners of property described as:

   > Parcels No. 19-2-42 & 19-2-44, Estate Smith Bay, Nos. 1, 2, & 3 East End Quarter, St. Thomas, Virgin Islands, as shown on OLG # D9-5249-T92 dated 9/20/91 consisting of 0.263 and 0.270 acres respectively, more or less

   (the "Property").

6. The Lecocqs executed a mortgage which secures the payment of the Note (the "Mortgage"). The Mortgage is attached to the Property. The Mortgage terms give Mortgage Electronic Registration Systems, Inc. ("MERS"), as FSB's nominee, the right to foreclose on the Property in the event of default on the loan. The Mortgage terms also give MERS the right to receive attorney's fees and costs in the event of foreclosure.

7. The Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on December 22, 2006, as document 2006011995.

8. The Lecocqs are in default under the terms and conditions of the Note and Mortgage.

9. FSB gave notice of default to the Lecocqs by a letter dated January 18, 2012, which was sent to the addresses the Lecocqs gave to FSB.

10. FSB declared the entire unpaid principal with accrued interest due and payable.

11. The Lecocqs filed for bankruptcy. FSB was granted relief from the automatic bankruptcy stay on July 10, 2012, in order to initiate a debt and foreclosure action.

12. On September 12, 2012, MERS assigned its entire interest in the Property to FSB. The assignment was recorded in the Office of the Recorder of Deeds on September 24, 2012, as document 2012006554.

13. Flagstar filed its action for debt and foreclosure on October 17, 2012.

14. The Lecocqs did not answer or otherwise appear.

15. The Clerk of Court entered default against the Lecocqs on March 6, 2013.

16. David Lecocq passed away on June 5, 2013. FSB filed a suggestion of death with this Court on August 7, 2013.

17. On August 8, 2013, FSB filed a notice of voluntary dismissal of its debt claims against the Lecocqs, leaving only its action for foreclosure. Thus, FSB only seeks relief in the form of foreclosure of the mortgage and associated fees and costs, and does not seek any further judgment of debt.

18. As of June 30, 2013, the amount due to FSB under the Mortgage was $558,850.07. Interest accrued at the rate of $38.57 each day thereafter.

The premises considered, it is hereby

**ORDERED** that FSB's motion for default judgment is **GRANTED**; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens subsequent to it, are hereby foreclosed; it is further

**ORDERED** that the aforesaid lien shall be foreclosed and the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of FSB, including any costs and

attorney's fees that may be awarded upon application and any sums that may be paid by FSB for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that:

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b.    FSB may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c.    The terms of the sale as to all other persons or parties bidding shall be cash.

    d.    The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

    e.    The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3.    FSB shall have any and all writs necessary to execute the terms of this Judgment.

                                                                   S\_____
                                                                     CURTIS V. GÓMEZ
                                                                     **District Judge**